PENELLE ASSOCIATES, INC., Respondent, v. ROSEFEIN REALTY CORPORATION, Appellant.

First Department, April 10, 1931.

*Lazarus Joseph* of counsel [*Jacob S. Demov* with him on the brief; *Feinstein & Rosenberg*, attorneys], for the appellant.

*Harry Bijur* of counsel [*Bijur & Herts*, attorneys], for the respondent.

MERRELL, J. In the action, as originally brought, plaintiff, in its complaint, set forth two causes of action: *First*, an action for specific performance of a contract for the sale of real property; and, *second*, that the amount of the down payment made by plaintiff to defendant upon the execution of the contract, together with necessary expenses incurred in the examination of title, be declared a lien upon said real property, and that the same be foreclosed and the amount due be paid plaintiff thereon. Defendant having signified its readiness, ability and desire to perform, plaintiff, at the commencement of the trial, abandoned its cause of action for specific performance, and the action was thereafter prosecuted solely as an action to impress and foreclose plaintiff's alleged lien. The court at Equity Term found with plaintiff and decreed that plaintiff had a lien upon said real property for the down payment and expenses incurred in examination of title, and directed the foreclosure of such lien and the sale of such real property and the payment to plaintiff of the amount claimed as its due. We think the judgment of the court below was wrong, was contrary to the evidence, and that plaintiff failed to establish the lien claimed.

Both plaintiff and defendant are domestic corporations. Defendant was and still is the owner in fee and possessed of a parcel of real property in the borough of Manhattan, New York city, known as 322 East Thirty-fourth street. Being such owner and in posses-

sion thereof, on August 1, 1929, defendant entered into a contract with plaintiff in writing whereby defendant contracted and agreed to sell to plaintiff said real property for a purchase price of $59,700. Of this purchase price plaintiff made a down payment of $3,500 simultaneously with the execution of said contract, and was to pay an additional sum of $15,500 upon delivery of the deed and the closing of title, which was set for November 1, 1929, at the office of the attorneys for defendant in the borough of Manhattan. The written contract between the parties contained the following provision: " In the event the property hereby sold is not contiguous to the property adjoining on the West, then and in that event the purchaser shall have the privilege or option to terminate this contract whereupon the seller agrees to return the deposit and each of the parties hereto shall release the other of any claim against the other; purchaser agrees to notify seller within forty-five days of the date hereof if the property is not contiguous and upon his failure to so notify purchaser by registered mail within said period, then and in that event purchaser shall not have the right to refuse to take title because the property is not contiguous to the property adjoining on the West.

" It being intended that the property referred to above as contiguous on the west is #320 East 34th Street, a parcel approximately 23' 9" x 98' 9" and of which the record owner is A. Stern. It being understood seller makes no representations as to contiguity."

Shortly after the execution of the contract it was discovered that the said real property was not, in fact, contiguous to the property adjoining on the west; that through an error of description in a deed to defendant there was not included in said deed a strip seven and one-half inches in width, and that at the time of the execution of the contract said seven and one-half-inch strip intervened between the real property contracted to be sold and the property on the west, known as 320 East Thirty-fourth street. On August 23, 1929, and within the forty-five-day period within which the purchaser was to notify the seller of lack of contiguity between the contracted real property and the real property to the west, the attorneys for plaintiff wrote to the attorneys for defendant a letter calling attention to the fact that there intervened between the real property contracted to be sold and that on the west the said seven and one-half-inch strip, thus showing such failure of contiguity. In this letter plaintiff's attorneys stated: " This is to notify you, pursuant to the contract entered into between your corporation known as the Rosefein Realty Corporation and our client, Penelle Associates, Inc., that there is a failure of contiguity between your property namely 322 East 34th Street and the prop-

erty on the west known as 320 East 34th Street. The New York Title and Mortgage Company, under Title No. 224067 have notified us to the following effect: * * *.

" Under these circumstances the Title Company have definitely notified us that they will not insure contiguity between said premises until title to the $7\frac{1}{2}$ inch strip can be cleared. Mr. J. F. Slowey of the Title Company has further advised us that title can be cleared if the Rosefein Realty Corporation can first obtain a deed to the $7\frac{1}{2}$ inch strip from the heirs of John Courtney; to which your company is entitled under the terms of the Boundary Line Agreement. Under these circumstances, will you kindly advise us by return mail as soon as possible what you propose to do in the premises."

It is significant that nowhere in this letter do the attorneys for the purchaser signify any intention to exercise its privilege or option to terminate the contract, nor do they demand a return of the deposit made by plaintiff upon execution of the contract. On August 28, 1929, the attorneys for plaintiff again wrote the attorneys for defendant as follows:

" BIJUR & HERTS
" Counselors at Law

" *August* 28, 1929.

" FEINSTEIN & ROSENBERG, Esqrs.,
" 1540 Broadway,
" New York City.
" *Rosefein w / Penelle Associates*
" 322 East 34th Street

" Attention Mr. FEINSTEIN.

" GENTLEMEN.—Pursuant to our several discussions on the telephone re the above-entitled premises, we enclose herewith an exact copy of the diagram submitted to us by the New York Title and Mortgage Company with regard to the question of contiguity.

" The situation is as follows:

" Originally John M. Knox owned No. 320 East 34th Street, which is west of the premises in question herein and he entered into a Boundary Line Agreement with John Courtney, the owner of the premises No. 322 East 34th Street. Under the terms of the said Boundary Line Agreement, the division line was fixed at point 299 feet $4\frac{1}{2}$ inches east of Second Avenue. Thereafter John Courtney died and Margaret Courtney, his widow, made a Deed to premises 322 East 34th Street but omitted to begin her description at the division line, as fixed by the above-mentioned Boundary

Line Agreement. Her description starts 300 feet east of Second Avenue but should have started 299 feet 4½ inches east of Second Avenue. For this reason there is a 7½ inch strip outstanding in John Courtney, or his successors in interest between premises No. 320 and 322 East 34th Street. The title to this 7½ inch strip is apparently still in the possession of the successors of John Courtney, your previous Grantor.

" Under the contract between our client and your corporation it was provided that if there was no contiguity between the two parcels as therein provided, the Buyer had the option within 45 days from contract to reject title. While this in effect amounts to an election to withdraw from the purchase of these premises *we are agreeable to extend your time to clear this cloud on Title up to closing time — November 1st, 1929.*

" If you will advise the writer what your wishes are in the premises, we will enter into a formal stipulation extending your time to perfect title and to acknowledge our notice under the contract.

" Very truly yours,

" BIJUR & HERTS,

" By HAROLD ROSENBLUM.

" HR:SB." (Italics are the writer's.)

Not only in the letter above quoted is there an entire absence of any indication on the part of plaintiff that it desired to terminate the contract or to demand back its down payment, but, on the contrary, there was an expressed agreement that the defendant have until the law day on November 1, 1929, in which to obtain title to the seven and one-half-inch strip from the Courtney estate, and that if defendant was able to obtain and to convey title to said seven and one-half-inch strip, the same would be acceptable to plaintiff. Following the discovery that title to the seven and one-half-inch strip still remained in the estate of defendant's grantor; and in compliance with the suggestion of plaintiff, defendant at once undertook to obtain title to said seven and one-half-inch strip and on October 10, 1929, through a deed executed on that day by the then owner of said seven and one-half-inch strip, defendant became the owner in fee thereof. In the decision of the court below upon which the judgment appealed from was rendered the court made the following specific findings of fact:

" 19. That on or about the 10th day of October, 1929, prior to the date set for the closing of title, the defendant herein acquired title to the aforesaid 7½ inch gore of land by a quitclaim deed,

dated the 10th day of October, 1929, duly executed, acknowledged and delivered by the aforesaid Margaret Courtney to the defendant herein.

"20. That prior to the date set for the closing of title and on and after the 10th day of October, 1929, the defendant herein was the owner of the premises described in the contract and of the strip or gore of land between the premises described in the contract and the premises known as 320 East 34th Street and that said premises and said gore combined, made the premises described in paragraph ' Third ' of the complaint contiguous with the premises known as 320 East 34th Street.

"21. That after the 10th day of October, 1929, and prior to the date set for closing of title, the defendant herein was able to convey to the plaintiff herein the premises described in paragraph 'Third' of the complaint and in the contract dated August 1st, 1929, together with the said gore of land outstanding at the time of the making of the said contract, between the premises described in the contract and the premises known as 320 East 34th Street and that with the acquisition by the defendant of said gore of land and its addition and joining with the premises described in the contract the two so combined became, were and are contiguous to the premises known as 320 East 34th Street and that by conveyance of the said premises described in the complaint, with the addition of the gore acquired by the defendant by the aforesaid deed from Margaret Courtney, the defendant was able to convey to the plaintiff the premises purchased by the plaintiff and intended under the said contract to be conveyed by the defendant to the plaintiff.

"22. That on August 28th, 1929, and prior to the date set for closing of title, the plaintiff notified the defendant by its letter, dated August 28th, 1929, that there was a lack of contiguity in that there was a $7\frac{1}{2}$ inch strip of land outstanding in John Courtney or his successors in interest, between the premises 320 and 322 East 34th Street and on the same day, extended the time of the defendant within which to acquire title to said $7\frac{1}{2}$ inch strip to the 1st day of November, 1929, the date set in the contract for closing."

We are unable to see, under the decision upon which the judgment appealed from was based, containing such findings of fact, how the learned court below could have directed judgment in favor of plaintiff.

On October 28, 1929, plaintiff, by its president, addressed to defendant the following letter:

"L. George Horowitz
"Real Estate
"Five-Sixty-Five Fifth Avenue
"New York

"Oct. 28th, 1929.

"Rosefein Realty Corp'n.,
"1540 Broadway,
"New York City.

"Attention Mr. Abraham Feinstein.

"Gentlemen.— Re our closing of title for the premises #322 East 34th Street which takes place at 2:00 P. M., November 1st, 1929, at the offices of Feinstein and Rosenberg, 1540 Broadway, New York City, please notify us if you now have contiguity with the premises on the west, #320 East 34th Street, as we are desirous of arranging with our attorney and the New York Title and Mortgage Company representative to have them present at the required time.

"Yours very truly,
"PENELLE ASSOCIATES, INC.,
"By John Reynolds,
"President."

On October 31, 1929, the time for closing title to the real property contracted to be sold was extended to November 8, 1929, pursuant to the following stipulation signed by the attorneys for both plaintiff and defendant:

"It is hereby consented that the closing of the title affecting the premises 322 East 34th Street, Borough of Manhattan, City of New York, between the above parties be and the same is hereby adjourned until November 8th, 1929, at two o'clock P. M. at the office of Feinstein & Rosenberg, 1540 Broadway, Borough of Manhattan, City of New York, all adjustments to remain as of original date of closing. This stipulation of adjournment is without prejudice to the rights of either party.

"Dated, New York, October 31st, 1929."

On November 8, 1929, the adjourned day for closing, the attorneys for plaintiff and defendant entered into a further stipulation in writing adjourning the date for closing from November 8 to November 13, 1929, at the said office of defendant's attorneys. Said stipulation contained the following provision:

"It is further stipulated by and between the attorneys for the respective parties hereto that the purehaser will draw a separate certified check in the sum of Fifty Seven Hundred ($5,700) Dollars to the order of the New York Title & Mortgage Company or

Abraham L. Feinstein, Atty, to be held by the said New York Title & Mortgage Company as a payment in reduction of principal of the second mortgage, which was due September 1st, 1929; said payment of $5,700 and accrued interest shall be retained by the said New York Title & Mortgage Company until the owner and holder of the second mortgage executes and delivers to it a reduction certificate in proper form showing such payment and upon delivery of said reduction certificate to Penelle Associates, Inc., said sum of $5,700 is to be paid to Margaret Courtney the mtgee or her attorney Wm. J. Larney."

There was no appearance on the part of plaintiff on November 13, 1929, at the place set for the closing of title. On the day following, however, one Horowitz, the concededly authorized representative of plaintiff, called upon an officer of defendant, pursuant to appointment, and then told defendant's official that he was unable to go ahead and close title; that he " had been caught in the Wall Street smash, and he didn't have any money, and couldn't go ahead," and requested a further adjournment of sixty days. This adjournment defendant refused to accord to plaintiff. The evidence shows that on the date finally set for closing title defendant was ready, able and willing to convey good title to the premises contracted to be sold, including the seven and one-half-inch strip, and that defendant had had prepared the required deeds to effectuate the closing of the contract in accordance with its terms and as agreed by plaintiff. When plaintiff was unable to obtain the desired extension it brought the present action to compel defendant to specifically perform and to impress plaintiff's alleged lien upon said real property for its down payment and expenses incurred in examination of title. At the trial and upon this appeal plaintiff takes the position that it had a right to and did exercise its option to demand a return of the down payment made, together with its expenses for examination of title, when it discovered that the premises contracted to be sold were not contiguous to those lying to the west. By the judgment appealed from the court has held, we think, erroneously, in accordance with plaintiff's contention. In view of the letters and stipulations hereinabove quoted, we are unable to see how, in good conscience, plaintiff could refuse to accept the title proffered or demand a return of the moneys paid upon execution of the contract. In our opinion the judgment granted plaintiff was contrary to the weight of the evidence and contrary to law. We think plaintiff, by signifying its willingness to close title if defendant was able to obtain contiguity through a deed from the owner of the seven and one-half-inch strip, clearly estopped itself from afterwards claiming that

the property contracted to be sold was not, in fact, contiguous to the property to the west, and from refusing to carry out its agreement to accept title if defendant became able to convey to plaintiff the seven and one-half-inch strip along with the property contracted to be sold, thus establishing contiguity between the two parcels of real property. We can find no justification under the evidence for impressing a lien in favor of plaintiff upon the contracted real property. Defendant, long before the law day originally set in the contract, and at the time of the adjourned date for closing, was, at all times, ready, able and willing to convey title to the contracted property in accordance with the terms of the contract and the agreement of the parties.

The judgment appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

FINCH, P. J., McAvoy, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.